IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Willa R. Thomas,** | : | |
| Plaintiff | : | Civil Action 2:07-cv-47 |
| v. | : | **Judge Smith** |
| **Michael J. Astrue,** | : | **Magistrate Judge Abel** |
| **Commissioner of Social Security,** | | |
| Defendant | : | |

## ORDER

Plaintiff, Willa R. Thomas, brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits and supplemental security income benefits.  (Doc. 2.)  This matter is before the Court on Plaintiff's Motion for Reconsideration of the Magistrate Judge's February 20, 2008 Report and Recommendation.  (Doc. 22.)  For the reasons below, Plaintiff's motion is **DENIED**, his objection is **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's report and recommendation.

Plaintiff Willa R. Thomas filed her application for social security supplemental income on September 11, 2002, alleging that she became disabled on the date of her application. (R. 85-86.)  As the report and recommendation explains, although Plaintiff's Complaint alleges that she is also entitled to disability insurance benefits, the record does not contain an application for any benefit beyond SSI.  The application for SSI was denied initially and upon reconsideration, and subsequently by the

administrative law judge ("ALJ") after a hearing. (R. at 44-52, 53-56, 58-60, 61.) The Appeals Council granted Plaintiff's request for review, vacated the hearing decision, and remanded the case to an administrative law judge to admit evidence into the record and to ensure that the hearing decision correctly reflects the testimony of the vocational expert. (*Id*. at 71, 72-73.) After the second hearing, the ALJ found that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review. (*Id*. at 6.) Willa Thomas then instituted this current action for review of the Commissioner's decision. On February 21, 2008, the Magistrate Judge issued a Report and Recommendation ("R&R"). (Doc. 21.) The R&R recommends that the ALJ's opinion be affirmed. (*Id*. at 10.)

In her earlier pleadings, Plaintiff argued that the decision of the Commissioner denying her benefits should be reversed because it erroneously rejected the opinions of Drs. Conaway and Chlovechok. (Doc. 14, p. 5.) Specifically, Willa Thomas contended that Drs. Conaway and Chlovechok were treating sources and that the ALJ had no basis for disregarding their opinions. Plaintiff argued that, as a result, the Commissioner's decision was not based on substantial evidence. (*Id*.) Plaintiff's motion for reconsideration of the report and recommendation essentially renews this argument. (Doc. 22.) In other words, Plaintiff argues once more that the ALJ failed to accord proper weight to the treating sources' opinions. (*Id*.)

The Court agrees with and adopts the report and recommendation in light of 20 C.F.R. §416.927. Indeed, the Commissioner's regulations provide that they will

2

generally give more weight to the opinion of a source who has examined a claimant than to the opinion of a source who has not.  20 C.F.R. §416.927(d)(1).  Also, a treating source's opinion is entitled to controlling weight when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "is not inconsistent with the other substantial evidence" in the claimant's case record.  20 C.F.R. §416.927(d)(2).  If the treating source's opinion is not accorded controlling weight, then in determining the weight to assign a treating source's opinion the Commissioner will consider the factors outlined in the regulations.  These include the length of the relationship and frequency of examination; nature and extent of the treatment relationship; how well-supported the opinion is by medical signs and laboratory findings; its consistency with the record as a whole; the treating source's specialization; the source's familiarity with the Social Security program and understanding of its evidentiary requirements; and the extent to which the source is familiar with other information in the case record.  20 C.F.R. §416.927(d)(2)-(6).

  The report and recommendation takes the position that although the ALJ did not include a lengthy discussion of why he rejected the opinions of Dr. Conaway and Dr. Chlovechok in his decision, he did not commit reversible procedural error in refusing to accept their opinions.  (Doc. 21.)  The Commissioner's regulations require the ALJ to give good reasons for the weight assigned to the treating sources' opinions.  20 C.F.R. §416.927(d)(2); *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004).  The R&R explains that the ALJ did not accept the opinions of Drs. Conaway and

3

Chlovechok because they are not well supported by medically acceptable clinical findings and laboratory diagnostic techniques and that opinions are inconsistent with other substantial evidence in the record. (*Id.*) The ALJ explained that, for example, Dr. Conway indicated no physical findings in his report and Dr. Chlovechok indicated that Plaintiff should be employable after completion of Interferon treatment. (R. 33.) The Court agrees with the R&R's recommendation that the ALJ's decision be affirmed.

Plaintiff directs the Court to the physical residual functional capacity assessments of Drs. Conaway and Chlovechok. A glance at the assessments compels the Court to agree with the ALJ. As noted above, Dr. Conaway's assessment has no physical findings. (R. 171.) He also opined that Plaintiff's impairments should last between 30 days and 9 months, not the 12 or more months required to be eligible for disability benefits. (*Id.*) Plaintiff also directs the Court to Dr. Chlovechok's residual functional capacity assessment. (Doc. 22, pp. 1-2.) However, as the Commissioner argued in his earlier memorandum, that assessment was premised on Willa Thomas receiving Interferon treatment for Hepatitis C, which she stopped taking in January 2003. (Doc. 14-15; see also R. 179.) Dr. Chlovechok also opined that Plaintiff would be employable after the Interferon treatment. (R. 175.) Plaintiff hasn't explained her reliance on Dr. Chlovechok's assessment although she stopped taking the Interferon treatment. (Doc. 22, p. 2.) Instead, Plaintiff asks the Court to take into account that she continues to suffer from Hepatitis C without the benefit of treatment. (*Id.*)

4

Accordingly, Plaintiff's motion is **DENIED**, his objection is **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's report and recommendation.

>	**/s/George C. Smith**
>	**GEORGE C. SMITH, JUDGE**
>	**UNITED STATES DISTRICT COURT**